IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| DOMANSHAY WILLIS, | : | Case No. 1:22-cv-264 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| ODRC, DIRECTOR, et al., | : | |
| Defendant. | : | |

---

### ENTRY AND ORDER ADOPTING REPORT AND RECOMMENDATIONS AND ORDER (Doc. 10)

---

The Court has reviewed the Report and Recommendations and Order ("Report") of United States Magistrate Judge Karen L. Litkovitz (Doc. 10), to whom this case is referred pursuant to 28 U.S.C. § 636(b). In the Report, Magistrate Judge Litkovitz ordered that Plaintiff's claims for excessive force and/or failure to intervene against Defendants Officer C. Garvey, Officer Hammonds, Sergeant Brown, Lt. Patrick, Lt. Folkerson, and Lt. Kugle shall proceed at this stage in the litigation. Magistrate Judge Litkovitz also ordered that Plaintiff's claim for deliberate indifference to a serious medical need against Defendant Thompson, in her official capacity and as narrowed by the Report, shall proceed. Lastly, Magistrate Judge Litkovitz recommended that the Court dismiss Plaintiff's remaining claims, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), for failure to state a claim.

Plaintiff filed Objections to the Report (Doc. 12) and a Motion to Appoint

Counsel (Doc. 13). However, Plaintiff's Objections and Motion to Appoint Counsel are identical, each lodging objections to the Report and requesting the Court appoint counsel for Plaintiff in his prisoner civil rights case. Thus, both shall be adjudicated herein.

Plaintiff raises three objections to the Report. First, Plaintiff states that he, by naming Ohio Department of Rehabilitation and Correction ("ODRC") as a Defendant, intended to name the Director of the ODRC as well. Magistrate Judge Litkovitz states in the Report that "[i]n the interest of completeness, the Undersigned will consider the relevant claims in the Complaint as if also raised against the Director [of the ODRC]." (Report, Doc. 10, Pg. ID 109.) Thus, because Magistrate Judge Litkovitz considered the relevant claims as raised against the Director of the ODRC, Plaintiff's first objection is overruled.

Plaintiff second objection to the Report seems to argue that Plaintiff's "falsification" claim against Defendant Thompson should proceed. Plaintiff argues that Thompson's "actions in falsifying an instrument further lend credibility to her willful participation and knowledge of illegal and unconstitutional treatment of Plaintiff." (Objections, Doc. 12, Pg. ID 144.) However, as Magistrate Judge Litkovitz noted, "[t]he mere filing of an incomplete or false medical report does not state a claim of federal constitutional dimension." *McDougald v. Eaches*, No. 1:16-cv-900, 2016 WL 7015834, at *3 (S.D. Ohio Sept. 16, 2016), *adopted*, 2016 WL 7015785 (S.D. Ohio Nov. 30, 2016). Thus, Plaintiff's second objection is overruled.

Plaintiff's third and final objection to the Report surrounds Defendants Captain

Pablo and Mrs. Sparks. While Plaintiff concedes that Pablo cannot be held liable for the conduct of other Defendants, Plaintiff argues that Pablo and Sparks both had a duty to protect Plaintiff and breached said duty. Plaintiff relies on *Grifo & Company, PLLC v. Cloud X Partners Holding, LLC*, 485 F.Supp.3d 885 (E.D. Mich. 2020) to support this contention. However, such case is distinguishable from the case at hand. *Grifo & Company* is a breach of contract and negligence case between two contracting entities. *See id.* at 889. Plaintiff's case here, on the other hand, is a prisoner civil rights case. Plaintiff cites no case law that establishes a special relationship between inmates and jail personnel that would create such a duty to protect in situations such as Plaintiff alleges. Thus, the Court is unpersuaded by Plaintiff's argument and Plaintiff's third objection is overruled.

Lastly, in both the Objections and the Motion to Appoint Counsel, Plaintiff requests that the Court appoints counsel to represent Plaintiff in his prisoner civil rights case. However, "there is no right to counsel in prisoner civil rights cases. The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith*, 110 F. App'x 633, 635 (6th Cir. 2004) (internal citations omitted). The Court does not find that exceptional circumstances exist in this case that would merit the appointment of counsel.

Therefore, for the foregoing reasons, the Court **ADOPTS** the Report and Recommendations and Order (Doc. 10) in its entirety and **ORDERS** the following:

(1) The Court **OVERRULES** Plaintiff's Objections to the Report (Doc. 12).

(2) The Court **DISMISSES** Plaintiff's claims not ordered to proceed by

3

Magistrate Judge Litkovitz in the Report and Recommendation and Order (Doc. 10), pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), for failure to state a claim. This includes all claims against Defendants Pablo, Sparks, the ODRC and its Director. It also includes claims against the other named Defendants for deliberate indifference to a serious medical need (except the narrowed claim against Defendant Thompson that is proceeding); for inappropriate supervision and other claims based on state law; for conspiracy, obstruction, and a pattern of official corruption; and relating to the conditions of his confinement, intimidation and verbal harassment, and sexual harassment or sexual imposition.

(3) The Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that, for the reasons discussed above, an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny Plaintiff leave to appeal in forma pauperis. See *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

(4) The Court **DENIES** Plaintiff's Motion to Appoint Counsel (Doc. 13).

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *Matthew W. McFarland*
JUDGE MATTHEW W. McFARLAND

4