UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DOMANSHAY WILLIS,
    Plaintiff,

vs.

ODRC, DIRECTOR, et al.,
    Defendants.

Case No. 1:22-cv-264
McFarland, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Toledo Correctional Institution, initiated this pro se civil rights action under 42 U.S.C. § 1983 on March 30, 2022. (Doc. 1). On June 7, 2022, the undersigned conducted a *sua sponte* review of plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and ordered that plaintiff's claims for excessive force and/or failure to intervene against Lebanon Correctional Institution (LeCI) defendants Garvey, Hammonds, Brown, Patrick, Folkerson, and Kugle (in their individual capacities) and plaintiff's claim for deliberate indifference to a serious medical need against defendant Thompson[1] (in her individual capacity and as narrowed as stated in the Report and Recommendation), may proceed. (Doc. 10). The Court recommended that plaintiff's remaining claims be dismissed. (*Id.*). On November 7, 2022, the District Judge adopted the undersigned's report and recommendation. (Doc. 25).

On May 18, 2023, defendants Christopher Garvey, John Hammonds, Kevin Brown, Matthew Patrick, Nick Fulkerson, and Nicholas Kugel filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56. (Doc. 46). The Court sent plaintiff a notice on May 19, 2023, advising plaintiff that his failure to file a response to the motion within 21 days of the date of service may warrant dismissal of his case under Fed. R. Civ. P. 41(b) for failure to prosecute.

---

[1] Defendant Darcy Thompson was dismissed from this action with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b). (Doc. 36).

(Doc. 47). On June 22, 2023, the Court issued an Order to plaintiff to show cause, in writing and within fifteen days of the date of its Order, why the Court should not dismiss this case for lack of prosecution. (Doc. 48). The Order notified plaintiff that failure to comply with the terms of the Order could result in a recommendation to the District Judge that this action be dismissed. (*Id*.). To date, more than 15 days later, plaintiff has not filed a response to the Order to Show Cause.

"Federal courts possess certain 'inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)). Plaintiff's failure to respond to the Order to Show Cause (Doc. 48) warrants exercise of the Court's inherent power and dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute this matter. *See Link*, 370 U.S. at 630-31; *Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991).

**IT IS THEREFORE RECOMMENDED THAT:**

1. This case be **DISMISSED** with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overruling in part Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 7/10/2023

Karen L. Litkovitz
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DOMANSHAY WILLIS,  Case No. 1:22-cv-264
    Plaintiff,  McFarland, J.
                                                           Litkovitz, M.J.

vs.

ODRC, DIRECTOR, et al.,
    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).